UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**DERRICK L. SMITH,**

        **Plaintiff,**

    v.                                       **Case No. 20-CV-1485**

**LARRY FUCHS, MR. GLASS,
and JOHN DOES,**

        **Defendants.**

---

### ORDER

Plaintiff Derrick L. Smith is a Wisconsin state prisoner who is representing himself. He filed a "complaint" (ECF No. 1) along with various other motions asking for a hearing for injunctive relief and related to the production of video footage (ECF Nos. 5, 7, and 11), as well as a motion to amend his complaint (ECF No. 10). The court will give Smith a chance to file an amended complaint and will deny without prejudice his motions related to injunctive relief and video footage.

    1. *Smith's Complaint*

The document Smith submitted as a complaint is a little over half a page long. He alleges he is not receiving adequate medical care and is being retaliated against for complaining about his medical care. (ECF No. 1.) However, Smith's complaint does not contain any specific factual allegations. That is, he does not include when his rights were violated, who violated them, or particulars on how they were violated.

Liability under § 1983 requires that defendants be personally involved in an alleged violation, *Hildebrandt v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003), and Smith's complaint does not tie any of the listed defendants to alleged actions. Further, Federal Rule of Civil Procedure 8(a) requires that a complaint provide defendants notice of the claims being brought against them. In its current form, Smith's complaint does not state a claim upon which relief can be granted.

Smith has since filed a motion to amend his complaint, explaining he was in the restrictive housing unit without his legal materials. (ECF No. 10 at 2.) Because Smith did not comply with Civil Local Rule 15(a), which requires him to include a proposed amended complaint with his motion, the court will deny his motion. However, the court will give Smith an opportunity to file an amended complaint. He has until **March 11, 2021**, to do so.

Smith must use the prisoner amended complaint form, a copy of which the court will include with this order. *See* Civil L.R. 9(b). Smith should write the case number for this case—20-CV-1485—in the field for "Case Number." He must list all of the defendants in the caption of the amended complaint. He must use the spaces on pages two and three, and up to three additional pages, to list all the claims he wishes to bring and to describe which defendants he believes committed the violations that relate to each claim. Though the court believes Smith knows based on his past experience filing lawsuits, it cautions him that the amended complaint takes the place of the prior complaint; that is, it must be complete in itself. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998).

In drafting the statement of claim section of his amended complaint Smith should keep in mind Federal Rule of Civil Procedure 8(a)(2), which states that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." When Smith drafts his amended complaint, the court encourages him to be as exact and concise as he can be and consider the following questions: who, specifically, does he believe violated his constitutional rights? How? When? What rights were violated?

If Smith fails to file an amended complaint by the deadline, the court will dismiss this case without further warning and assess a strike against him based on his failure to state a claim upon which relief can be granted.

2. *Smith's Motion for Hearing for Injunctive Relief*

Smith has also filed a motion asking for a hearing for injunctive relief. (ECF No. 5.) As the court has explained to Smith on several occasions in his other currently-pending case, 18-CV-1904, injunctive relief is appropriate only if it seeks relief of the same character sought in the underlying complaint and deals with a matter presented in that underlying complaint. *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) (citations omitted)); *see Peace v. Pollard*, Case No. 15-cv-481, 2017 WL 564016 at *1 (E.D. Wis. Feb. 10, 2017) (citations omitted). Without an operative complaint, the court cannot determine if the relief Smith seeks is related to the claims in the complaint. The court denies the motion without prejudice. Once he files his amended complaint Smith may renew his motion for injunctive relief, but he should be sure that any relief he seeks is related to the issues in his amended complaint.

*3. Smith's Motion for Production of Video Footage*

Smith also filed two identical motions asking the court to subpoena his institution to obtain prison security video recordings. (ECF Nos. 7, 11.) He is seeking footage that will, he says, prove his claims related to not receiving medication. The court will also deny these motions without prejudice for the same reason it has denied his motion for injunctive relief. Because there is no operative complaint, the court cannot tell if the requests fall within the scope of the complaint. The court also notes that it does not issue subpoenas on the behalf of a party, but it can provide Smith with subpoena forms. However, the video footage he seeks is likely information he should try to obtain through institution procedure first. If this case proceeds, it may also be something he can obtain during discovery.

*4. Smith's Trust Account Statement*

Finally, the court notes that Smith has only provided a partial trust account statement. (ECF No. 9.) In his motion for injunctive relief he says the business office will not supply one for the statutorily required time period (six months preceding the date he filed this lawsuit). (ECF No. 5 at 3.) Smith should request his trust account statement again. As with his amended complaint, he has until **March 11, 2021**, to submit a full trust account statement.

*5. Conclusion*

**NOW, THEREFORE, IT IS ORDERED** that Smith's motion to amend his complaint (ECF No. 10) is **DENIED** for failure to comply with the local rules. However, the court will still grant him leave to amend. Smith must file an amended

complaint, following the instructions in this order, by **March 11, 2021**. If he fails to do so, the court will dismiss this case and assess a strike against him.

The Clerk of Court's office is directed to enclose a copy of the prisoner amended complaint form with this order.

**IT IS ALSO ORDERED** that Smith's motion for a hearing for injunctive relief (ECF No. 5) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Smith's motions related to the production of video footage (ECF Nos. 7, 11) are **DENIED without prejudice**.

**IT IS ALSO ORDERED** that Smith has until **March 11, 2021**, to file a certified trust account statement for the six months preceding the date he filed this lawsuit.

Dated at Milwaukee, Wisconsin this 12th day of February, 2021.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge