# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DERRICK L. SMITH**,

    Plaintiff,

v.                                            **Case No. 20-CV-1485**

**LARRY FUCHS,** *et al.***,**

    Defendants.

## ORDER

On February 12, 2021, the court considered plaintiff Derrick L. Smith's motion to amend his complaint and determined that, even though Smith did not comply with the local rules, he could file an amended complaint by March 11, 2021. (ECF No. 15.) The court allowed Smith an opportunity to amend his complaint because Smith's original complaint failed to state a claim. (ECF No. 1). The original complaint was only half a page long and did not contain any specific factual allegations about his lack of medical care or retaliation. (ECF No. 15 at 2.) Additionally, Smith is a restricted filer and, to be able to proceed *in forma pauperis*, the court needed more information to determine whether his complaint demonstrates that he is in imminent danger. The court gave Smith specific instructions regarding what is required to amend his complaint and also cautioned him that the failure to file an amended complaint by the deadline would result in the case being dismissed without further warning. (*Id.* at 3.)

On March 17, 2021, Smith filed a motion for extension of time to file his amended complaint. (ECF No. 17.) The court granted his motion, giving him until April 19, 2021, to file an amended complaint. (ECF No. 20.) The court again warned Smith that, if he failed to file an amended complaint by the deadline, the court would dismiss his case.

The April 19, 2021 deadline has passed, and Smith did not file an amended complaint. The court therefore will dismiss his case.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that this case is **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court

cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate.

Dated in Milwaukee, Wisconsin this 26th day of April, 2021.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge

3

Case 2:20-cv-01485-WED   Filed 04/26/21   Page 3 of 3   Document 21