# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DERRICK L. SMITH**,

    Plaintiff,

v.                                                           **Case No. 20-CV-1485**

**LARRY FUCHS,** *et al.*,

    Defendants.

## ORDER

On February 12, 2021, the court considered plaintiff Derrick L. Smith's motion to amend his complaint and determined that even though Smith did not comply with the local rules Smith could still file an amended complaint by March 11, 2021. (ECF No. 15.) The court allowed Smith an opportunity to amend his complaint because his original complaint failed to state a claim upon which relief could be granted. (ECF No. 1). It was only a half-page long and contained no specific factual allegations about his lack of medical care or retaliation. (ECF No. 15 at 2.) Additionally, as a restricted filer, to be able to proceed *in forma pauperis* Smith needed to provide the court with sufficient information to enable the court to determine whether Smith's complaint demonstrates that he is in imminent danger. The court gave Smith specific instructions on what is required to amend his complaint and also cautioned him that failure to file an amended complaint by the deadline would result in the dismissal of the case without further warning. (*Id.* at 3.)

On March 17, 2021, Smith filed a motion for extension of time to file his amended complaint. (ECF No. 17.) The court granted his motion, giving him until April 19, 2021, to file an amended complaint. (ECF No. 20.) The court again warned Smith that, if he failed to file an amended complaint by the deadline, the court would dismiss his case. When Smith did not file an amended complaint by the April 19 deadline, the court dismissed his case on April 26, 2021. (ECF No. 21.)

On June 2, 2021, Smith filed a motion for reconsideration of the dismissal of his complaint (ECF No. 23) and a motion for discovery and a hearing (ECF No. 24). Smith does not cite a rule in support of his motion for reconsideration and none of the Federal Rules of Civil Procedure refer to motions for reconsideration. There are two rules that parties use to ask courts to re-visit previous decisions. Rule 59(e) allows a party to file a motion to alter or amend a judgment within twenty-eight days of the court entering judgment. Rule 60(b) allows a court to grant relief from a final judgment within a "reasonable time" after entry of judgment for a specific set of reasons.

Smith filed his motion for reconsideration 37 days after the court entered judgement, so Rule 59(e) is unavailable as an avenue of relief. Rule 60(b) allows a court to relieve a party from final judgment for several reasons, including mistake, inadvertence, surprise, or excusable neglect. Suggesting that the failure to submit an amended complaint by the deadline was a result of excusable neglect, Smith claims that the failure was the fault of the prison administration and staff. (ECF No. 22 at 3.)

2

However, Smith does not explain what the prison administration or staff did or did not do to prevent him from filing the amended complaint in a timely fashion. Instead, Smith spends several pages listing his various medical ailments and complaining that he is not being appropriately treated for them. The court cannot tell if Smith includes this information as grounds for granting his motion for reconsideration or if this is his proposed amended complaint. If it is grounds for granting his motion to reconsider, Smith does not explain how these ailments prevented him from either filing his amended complaint or seeking another extension. If it his amended complaint, Smith does not correct the deficiencies in his original complaint. Smith still does not identify any defendants who allegedly violated his constitutional rights. Additionally, as a restricted filer, to proceed *in forma pauperis* Smith has to show he is in imminent danger. Smith's allegations all concern past medical issues and past forms of harassment; they do not demonstrate he is in imminent danger. Finally, Smith is an experienced litigator in this district, having recently filed nine previous cases. He is aware of the rules and deadlines that accompany filing *pro se* cases. Smith needed to provide a clear explanation as to why he failed to follow the rules this time.

In short, Smith does not explain why he failed to file an amended complaint by the April 19 deadline. Smith's motion for reconsideration is denied. Because the court is not reopening his case, Smith's motion for discovery and for a hearing is also denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Smith's motion for reconsideration (ECF No. 23) is **DENIED**.

**IT IS FURTHER ORDERED** that Smith's motion for discovery and motion for a hearing (ECF No. 24) is **DENIED**.

Dated in Milwaukee, Wisconsin this 15th day of February, 2022.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge